IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAWARE & HUDSON RAILWAY COMPANY, INC.** d/b/a Canadian Pacific Railway; **SOO LINE RAILROAD COMPANY** d/b/a Canadian Pacific Railway; and **CANADIAN PACIFIC RAILWAY LIMITED,**<br><br>        Plaintiffs,<br><br>v.<br><br>**KNOEDLER MANUFACTURERS, INC.**; and **DURHAM INDUSTRIAL SALES, INC.**,<br><br>        Defendants. | Civil Action No.: 11-314 |

### COMPLAINT

Plaintiffs Delaware & Hudson Railway Company, Inc. d/b/a Canadian Pacific Railway ("D & H"), Soo Line Railroad Company d/b/a Canadian Pacific Railway ("Soo Line"), and Canadian Pacific Railway Limited ("CP") (collectively referred to as "Canadian Pacific") state for their Complaint against Defendants Knoedler Manufacturers, Inc. ("Knoedler") and Durham Industrial Sales, Inc. ("Durham"), as follows:

### Parties, Jurisdiction, and Venue

1.   D & H is a Delaware corporation and is an indirect wholly-owned subsidiary of CP.

2.   Soo Line is a Minnesota corporation and is an indirect wholly-owned subsidiary of CP.

3.   CP is a Canadian corporation.

4.   Knoedler is an Illinois corporation that conducts business in this judicial district.

5. Durham is a British Columbia Canada corporation that conducts business in this judicial district.

6. The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(3) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states and in which citizens of a foreign state are additional parties.

7. Venue in this district is proper under 28 U.S.C. § 1391(a) because Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

**General Allegations**

8. In the early 1990's, CP entered into a contract with General Electric under which General Electric agreed to provide railroad locomotives to CP and its subsidiaries, including D & H and Soo Line, and further, General Electric agreed to maintain those locomotives pursuant to a Warranty Service Agreement.

9. Pursuant to their agreement, CP directed General Electric to purchase locomotive seats from Knoedler, which were delivered by Knoedler to General Electric's facility in Erie, Pennsylvania.

10. In the late 1990's and early 2000's, General Electric and CP identified certain defects in the seats that made the seats unacceptable for the use intended.

11. Numerous communications took place between General Electric and Knoedler regarding the nature of the defects and the modality to find the defects before the seats caused injury to Canadian Pacific employees.

12. During the timeframe of 1999, through approximately 2002, there were numerous communications between General Electric and Knoedler with Knoedler attempting to provide

support to identify defects, repair defects, and provide substitute parts for the locomotive seats in question.

13. At a point in time in the early 2000's, General Electric was concerned that Knoedler was not capable of sufficiently assisting in identifying defects in locomotive seats, and providing adequate assistance in making needed repairs.

14. As a result of General Electric's concern about Knoedler's support, Knoedler introduced General Electric to Durham, representing that Durham was its dealer and agent, and could make needed repairs to the locomotive seats on behalf of Knoedler.

15. During the timeframe commencing in 2002 and continuing through at least 2007, Durham provided seat refurbishing at the request of General Electric with Canadian Pacific being a third-party beneficiary of the refurbishing work to be performed.  On information and belief, the work performed included the repair and welding of the bases of the Knoedler Locomotive Seats.

16. Commencing in the summer of 2009, and continuing through January 2011, Canadian Pacific encountered instances in which the bases of the Knoedler provided seats broke causing injuries to Canadian Pacific's employees.

17. More specifically, Canadian Pacific employees John Slaughter, Steven Alcorn, Thomas Holleran, and Daniel Franklin claimed injuries as a result of the Knoedler seat failures.

18. John Slaughter brought suit against Soo Line in Wayne County, Michigan, Case No. 10-004790-NI. This case was subsequently settled for $33,000.

19. Thomas Holleran brought suit against D & H in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:10-cv-03086. This case was settled for $990,000.

20. Daniel Franklin settled his case directly with Canadian Pacific for $50,000, without the necessity of a lawsuit.

21. Steven Alcorn brought suit against Soo Line in Marion County, Indiana, Cause No. 49D02 10 09 CT 040947. This case is pending.

22. In each instance of an injury to its employee, Canadian Pacific put Knoedler and Durham on notice of the incident and has continued to provide information regarding the progression and/or settlement of the suits to both Durham and Knoedler.

### Count I

Canadian Pacific incorporates here the preceding allegations of this Complaint.

23. Defendants are engaged in the business of selling and/or refurbishing locomotive seats.

24. The seats were in a defective condition unreasonably dangerous to Canadian Pacific and its employees in that the seats left Defendants' control and possession lacking necessary elements to make them safe for their intended use. Defendants expected the seats to reach, and the seats did reach, Canadian Pacific without substantial change in the condition in which they were sold.

25. The seats were defective because they contained a manufacturing defect in that the seats departed from their intended design or a design defect because the foreseeable risks of harm posed by the seats could have been reduced and avoided by the adoption of a reasonable alternative design.

26. Such defective condition caused physical harm to Canadian Pacific and its employees.

27. Canadian Pacific has suffered damages, and will continue to suffer damages, as a result of Defendants' conduct.

WHEREFORE, Canadian Pacific demands judgment against Defendants in an amount exceeding $75,000 plus prejudgment interest and costs and expenses of litigation, as well as such other relief as may be deemed just and equitable.

**JURY TRIAL DEMANDED**

### Count II

Canadian Pacific incorporates here the preceding allegations of this Complaint.

28. Defendants designed, built, and/or refurbished the seats in a negligent and careless manner, and such negligence and carelessness caused the seats to fracture and fail. Defendants also breached their contracts with General Electric and with Canadian Pacific as the third-party beneficiary of these contracts, by failing to build or refurbish the seats in an appropriate manner.

29. Canadian Pacific has suffered damages, and will continue to suffer damages, as a result of Defendants' negligence and/or breach of contract.

WHEREFORE, Canadian Pacific demands judgment against Defendants in an amount exceeding $75,000 plus prejudgment interest and costs and expenses of litigation, as well as such other relief as may be deemed just and equitable.

**JURY TRIAL DEMANDED**

### Count III

Canadian Pacific incorporates here the preceding allegations of this Complaint.

30. Although Canadian Pacific has been found liable to its allegedly injured employees and is likely to be found liable in connection with other claims, it is free from active,

inactive, or primary negligence or fault and its liability was akin to strict liability arising from Defendants' failure to provide a safe locomotive seat.

31. Despite being on notice of Canadian Pacific's employees' claims and potential claims, Defendants have unjustifiably refused to indemnify Canadian Pacific or contribute toward any judgment or settlement Canadian Pacific has paid or may pay in connection with these claims, contrary to their common-law indemnification or contribution obligations.

32. Canadian Pacific has incurred, and will continue to incur, legal costs and fees in defending against their employees' claims, and Defendants are liable to Canadian Pacific for those costs and fees.

WHEREFORE, Canadian Pacific demands judgment against Defendants in an amount exceeding $75,000 plus prejudgment interest and costs and expenses of litigation, as well as such other relief as may be deemed just and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,

PION, JOHNSTON, NERONE, GIRMAN,
CLEMENTS & SMITH, P.C.

Dated:  December 16, 2011            By: /s/ J. Lawson Johnston
                                         J. Lawson Johnston
                                         PA 19792
                                         1500 One Gateway Center
                                         Pittsburgh, Pennsylvania 15222
                                         412.281.2288
                                         Attorneys for Plaintiffs