UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DELAWARE & HUDSON RAILWAY COMPANY, INC. *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-314 |
| v. | ) ) ) ) ) | ORDER REGARDING MOTIONS *IN LIMINE* |
| KNOEDLER MANUFACTURERS, INC. *et al.* | ) ) ) ) | |
| Defendants. | ) ) ) | |

## I.   INTRODUCTION

Plaintiff Canadian Pacific Railway ("CP") instituted this action against Defendant Knoedler Manufacturing, Inc. ("Knoedler") alleging contribution, indemnification, breach of contract, and breach of express and/or implied warranty claims. The claims are based on injuries several CP employees suffered when four seats manufactured by Knoedler and installed in CP's locomotives failed. The action is set for a two week jury trial beginning October 29, 2018.

Currently before the Court are the parties' motions *in limine*. *See* Dkt. Nos. 171-190. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court rules as follows:

## II.   ANALYSIS

    A.    Knoedler's Motion *in Limine* 1: Motion to Preclude Any Reference to and/or Evidence of Prior Incidents and/or Injuries Caused by Such Incidents Involving Seats Manufactured by Knoedler

As stated above, this lawsuit involves four Knoedler-manufactured seats that failed, resulting in injuries to CP employees. These four seats are not the only Knoedler-manufactured seats to have failed in CP locomotives. CP plans to introduce at trial evidence of the additional failures, as well as evidence of Knoedler's attempts to remedy the cause of the failures. Knoedler moves to exclude any reference to and/or evidence of these failures, arguing that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. CP counters that the evidence is probative of Knoedler's alleged failure to adequately test its seats for locomotive use. CP also argues that evidence of Knoedler's attempts to remedy the cause of the failures is relevant to CP's claim that the statute of limitations for breach of warranty was tolled by Pennsylvania's "repair doctrine."

This Court agrees that evidence of other Knoedler-manufactured seat failures in CP's locomotives, and Knoedler's attempts to remedy the cause of the failures, is relevant to CP's claims. The motion is DENIED.

> B.  Knoedler's Motion *in Limine* 2: Motion to Preclude All References to and/or Evidence of GE's Conditions of Purchase

Knoedler moves to exclude from evidence a document titled CONDITIONS OF PURCHASE with an effective date of May 15, 2000. This document purports to set forth the terms and conditions for the transactions between Knoedler and non-party GE Transportation ("GE") that occurred on or after May 15, 2000. Dkt. No. 172, Ex. 1. Knoedler argues that the document is inadmissible because the seats at issue in this case were sold before May 15, 2000 and because the document is unsigned. CP counters that whether the May 15, 2000 terms and conditions apply to the seats in question is an issue for the jury to decide. In support of its argument, CP claims that it will present evidence that Knoedler instructed it to install new

reclining seat backs onto existing seat bases and that doing so will "convert" the seats from "old to new." Dkt. No. 197 at 1-2.

The Court defers ruling on this motion until the pretrial conference scheduled for October 23, 2018. The parties shall be prepared to address the motion at that time.

    C.    Knoedler's Motion *in Limine* 3: Motion to Preclude Any Argument that the August 14, 2008 Override Agreement between Knoedler and GE Applies to the Seats at Issue

Knoedler moves to prevent CP from introducing into evidence an August 14, 2008 Override Agreement between Knoedler and GE. Dkt. No. 173, Ex. 1. Knoedler alleges that in 2008, GE began replacing the upper part of Knoedler seats in CP locomotives that contained a single reclining mechanism with an upper part that contained a dual recliner system. As part of this process, GE and Knoedler entered into the Override Agreement, which Knoedler claims modified GE's standard terms and conditions. Knoedler argues that the Override Agreement does not cover the seats at issue because those seats were manufactured and sold well before 2008. Therefore, Knoedler argues, CP should be precluded from claiming that Knoedler owed CP any duty based on the Override Agreement with respect to the seats at issue.

CP counters that it does not intend to argue that the terms of the Override Agreement apply to the seats at issue; rather, CP argues, the Override Agreement is relevant to demonstrate the parties' understanding of GE's standard terms and conditions by which they were bound before they entered into the Override Agreement.

The Court agrees with CP; the Override Agreement is relevant with respect to the parties' understanding of the terms and conditions that existed prior to their modification by the Agreement. The motion is DENIED.

    D.    Knoedler's Motion *in Limine* 4: Motion to Preclude Introduction of PowerPoint Presentation

CP's attorneys deposed Wilhelm Sturhan, the principal of Knoedler. During his deposition, Mr. Sturhan was questioned about two PowerPoint presentations he allegedly created. Knoedler claims that Mr. Sturhan gave the first PowerPoint presentation "to a railroad," but the second presentation "was never made to a railroad and did not include information specific to the rail industry or locomotive seats." Dkt. No. 174 at 2. Knoedler further argues that the second presentation is not relevant to this case because it "discusses seats designed and sold for trucking and equipment applications, not seats designed for and sold for locomotive applications." *Id*. at 3. Therefore, Knoedler argues, the second presentation should be excluded because it is not relevant under Federal Rules of Evidence 401 or 402.

CP counters that the seats at issue in this lawsuit were "functionally" truck seats, thus the second presentation is relevant to its claims.

The Court disagrees. CP does not dispute that the second presentation was not shown to it or any other railroad. Therefore, it is irrelevant to the issues at hand. The motion is GRANTED as to the second presentation and DENIED as to the first presentation.

    E.    Knoedler's Motion *in Limine* 5: Motion to Preclude Evidence relating to Minnesota Litigation

CP and Knoedler are parties to a lawsuit in Minnesota state court that also arises out of injuries CP employees suffered after Knoedler-manufactured seats malfunctioned. The lawsuit went to trial in March 2017 and resulted in a verdict finding that CP and Knoedler are each fifty percent responsible for the employees' injuries. The matter is now on appeal. Knoedler moves to exclude any reference to the Minnesota litigation, including the verdict. CP opposes the motion, arguing that it intends to use testimony from the Minnesota trial for impeachment purposes.

The Court GRANTS the motion, but will reconsider this ruling should the need arise during trial.

  F. Knoedler's Motion *in Limine* 6: Motion to Preclude CP from Arguing that Knoedler Had a Duty to Issue a Product Recall

Knoedler argues that it had no duty under Pennsylvania law to issue a product recall for the seats at issue in this litigation, and as such, CP should be barred from arguing the same to the jury. CP agrees that Knoedler had no duty to recall the seats under Pennsylvania law, but argues that it should still be "permitted to point out Knoedler's failure to recall the [seats] even if it cannot assert a separate cause of action for this failure."

The Court agrees with CP. While CP cannot assert a separate cause of action for failing to recall the seats in question, it can refer to the fact that Knoedler did not issue a recall for such seats. The motion is DENIED.

  G. CP's Motions *in Limine* 1: Motion to Exclude Reference to CP's Size, Financial Condition, and/or Solvency

CP moves this Court for a motion *in limine* to exclude any reference to its size, financial condition, and/or solvency. Knoedler responds that it does not intend to argue that CP should be treated differently under the law due to its size, financial condition, and/or solvency, but it does intend to present evidence that CP experienced financial difficulty during the 2008-2009 timeframe, and that this impacted its actions related to the seats in question.

The motion is DENIED. Knoedler is permitted to present evidence regarding CP's alleged financial difficulties in 2008-2009. However, it will not be permitted to reference CP's size, financial condition, and/or solvency for improper purposes such as attempting to garner sympathy from the jury.

  H. CP's Motion *in Limine* 2: Motion to Exclude Any Reference to CP Being a Foreign, Out-of-State, and/r Large Corporation, or to Differences in Status

  between CP and Knoedler

Knoedler does not oppose this motion. The motion is GRANTED.

  I.  CP's Motion *in Limine* 3: Motion to Exclude Evidence or Testimony or Reference to Expert Opinions Not Previously Disclosed

Knoedler does not oppose this motion. The motion is GRANTED.

  J.  CP's Motion *in Limine* 4: Motion to Exclude Unsubstantiated Evidence of Seat Abuse

CP moves to exclude testimony and/or documentary evidence of "unsubstantiated" seat "abuse" by CP employees, arguing the that evidence is based on hearsay, speculation, and conjecture.

The Court defers ruling on this motion until such time that the testimony and/or documentary evidence is introduced at trial.

  K.  CP's Motion *in Limine* 5: Motion for Indemnification Jury Instruction

CP alleges a claim for contractual indemnification against Knoedler and requests that this Court instruct the jury regarding the same. Knoedler opposes the motion. The parties shall be prepared to address this motion at the pretrial conference.

  L.  CP's Motion *in Limine* 6: Motion to Exclude Expert Testimony of Mirek Wierucki

CP moves to exclude expert opinion testimony by Mirek Wierucki; Knoedler opposes the motion. The Court will hear argument on this motion at the pretrial conference and defers ruling on the motion until then.

  M.  CP's Motion *in Limine* 7: Motion to Exclude Evidence and Witnesses Not Disclosed during Discovery

CP moves to exclude any evidence and/or witnesses not disclosed during the discovery period. This motion is overly broad, unnecessary, and simply states an accepted principle of the

Federal Rules of Civil Procedure and Evidence. Therefore, the Court STRIKES this motion as unnecessary.

      N.      CP's Motion *in Limine* 8: Motion to Exclude Evidence Challenging the Reasonableness of Underlying Settlements

CP's injured employees brought suit against it pursuant to the Federal Employers Liability Act and the LIA. CP subsequently settled with each of the injured employees and now moves this Court to preclude Knoedler from presenting "any evidence at trial suggesting that the [u]nderlying [s]ettlements were not reasonable." Dkt. No. 182 at 2. In response, Knoedler states that it does not intend to challenge the reasonable of the underlying settlements. Indeed, Knoedler argues that the "fact that CP chose to settle its employees' claims is irrelevant" to the claims at hand. Dkt. No. 209 at 2. Accordingly, the Court GRANTS the motion.

      O.      CP's Motion *in Limine* 9: Motion to Eliminate Non-Party GE as a Party Potentially at Fault on the Verdict Form

CP argues that Knoedler cannot establish that GE breached a duty to CP's employees and, therefore, cannot establish that GE is a joint tortfeasor in this case. Thus, CP requests that this Court bar Knoedler from including GE as a potential at fault party on the verdict form. Knoedler counters that there "is ample evidence to support an argument and assertion that GE is a joint tortfeasor herein and that the jury should consider any potential liability of GE's part when deliberating the issues herein." Dkt. No. 210 at 3.

The parties shall be prepared to argue this motion at the pretrial conference; the Court defers ruling on it until then.

      P.      CP's Motion *in Limine* 10: Motion to Eliminate Durham Industrial Sales, Inc. as a Party Potentially at Fault on the Verdict Form

CP argues that because Knoedler has a cross-claim against Durham Industrial Sales, Inc. ("Durham") in this lawsuit, it may "try to argue to [the] jury that some of the fault for the injuries

to the four [CP] employees … should be apportioned to Durham." Dkt. No. 184 at 1. However, CP argues, there is no evidence that demonstrates that Durham' actions caused or contributed to the employees' injuries and, therefore, this Court should rule "as a matter of law that Durham was not at fault for the seat failures." *Id*. at 2.

The parties shall be prepared to argue this motion at the pretrial conference; the Court defers ruling on it until then.

  Q. CP's Motion *in Limine* 11: Motion to Exclude Certain Testimony of James Salmon

CP moves this Court for an order excluding at trial "any legal opinion testimony" from James Salmon, Knoedler's expert witness. Dkt. No. 185 at 1. The Court STRIKES this motion as premature. CP may raise objections to Mr. Salmon's testimony, if necessary, at trial.

  R. PC's Motion *in Limine* 12: Motion to Exclude Legal Opinion Testimony from Wilhelm Sturhan

CP moves this Court for an order excluding at trial any legal opinion testimony from Wilhelm Sturhan, the principal of Knoedler. CP claims that during his deposition in this case, Mr. Sturhan suggested that purchasers of Knoedler-manufactured seats have a duty to ensure that the seats are safe for their intended use. CP objects to this testimony as an impermissible legal conclusion. Knoedler counters that Mr. Sturhan was not offering a legal conclusion during his deposition, rather, he was simply giving testimony regarding "the sale and manufacturing process and Knoedler's involvement after the sale." Dkt. No. 213 at 6. Knoedler argues that such testimony is proper.

The Court STRIKES this motion as premature. CP may raise objections to Mr. Sturhan's testimony, if necessary, at trial.

  S. CP's Motion *in Limine* 13: Motion to Exclude References to the "Statute of Limitations"

CP moves for an order from this Court "preventing [Knoedler] from using the term 'statute of limitations' at trial." Dkt. No. 187 at 1. CP argues that "statute of limitations" is a legal term that may confuse the jury. Knoedler opposes the motion. It argues that by asking this Court to prohibit the use of the term at trial, CP "essentially seeks to handicap Knoedler's ability to effectively and persuasively plead its case to the jury." Dkt. No. 214 at 4.

The Court agrees with Knoedler. The Court will explain all relevant legal terms to the jury before deliberations commence and the Court is confident that jury will be able to understand the terms without confusion. The motion is DENIED.

> T. CP's Motion *in Limine* 14: Motion to Prevent Knoedler from Arguing at Trial that CP Sued the Wrong Knoedler Entity

CP moves this Court for an order preventing Knoedler from arguing at trial that it should have named Knoedler Manufacturers Canada, Ltd. instead of Knoedler US in this case. Knoedler failed to address this motion. It appears to the Court that this was an inadvertent error by Knoedler; therefore, Knoedler will have an opportunity to address the motion at the pretrial conference.

> U. CP's Motion *in Limine* 15: Motion to Exclude Lay Opinion Testimony regarding Reasonableness of Refurbishment Program

CP claims that several of its employees, as well as GE's employees, were asked during their depositions to "render opinions regarding the seat refurbishment program put into place after numerous seat failures," including whether the "scope and timing" of the refurbishment program was reasonable. Dkt. No. 189 at 1. CP only identifies two of the employees—Rodney Campbell and Dave Meyler. According to CP, obtaining opinion testimony from Mr. Campbell and Mr. Meyler was improper because they do not "have expertise in implementation of equipment refurbishment programs," thereby making them unqualified to "render such an

9

opinion." *Id*. Therefore, CP argues, Messrs. Campbell's and Meyler's opinions "regarding the reasonableness of the seat refurbishment program [should] be excluded at trial." *Id*. at 2.

Knoedler counters that Messrs. Campbell and Meyler have sufficient personal knowledge and expertise through their professions and positions in CP to give their opinions on the seat refurbishment program pursuant to Federal Rule of Evidence 701. Knoedler notes that the Third Circuit recognizes that "the modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980). Knoedler points out that Mr. Campbell was the Director of Locomotive Maintenance for CP during the time relevant to this lawsuit, while Mr. Meyler was CP's Director of Equipment Engineering. According to Knoedler, Messrs Campbell and Meyler are:

> [W]ell-qualified to testify about what the refurbishment program was, who was responsible for the program, and what actions were taken to implement the program. Both Mr. Campbell and Mr. Meyler, as well as the other CP and GE employees who were deposed, have significant personal knowledge regarding the facts at issue and their testimony is highly valuable to the jury in making its decision. They all have personal knowledge of the refurbishment program and have the requisite experience and expertise to explain and give their opinions regarding the refurbishment program.

Therefore, Knoedler urges this Court to deny the motion.

The Court will defer ruling on this motion until such time that it has an opportunity hear the foundation to be laid by the witnesses at trial.

V.     CP's Motion *in Limine* 16: Motion for a Jury Instruction that the Knoedler Seats that Failed Were Not Securely Mounted and Braced

The LIA requires that locomotive seats must be "securely mounted and braced" to the locomotive. 49 C.F.R. § 229.119(a). CP argues that courts have held as a matter of law that a seat

10

does not meet this standard if it breaks. According to CP, there is no dispute that the seat in question broke; thus, CP argues, this Court should instruct the jury that the seats were not "securely mounted and braced" as required by 49 C.F.R. § 229.119(a), and therefore violated the regulation.

Knoedler counters that whether a party is liable under the LIA is an issue for the jury. Knoedler concedes that the parties do not dispute that the seats failed. Nevertheless, Knoedler argues that several disputes of material fact remain for the jury, such as when and why the fractures in the seat bases occurred. According to Knoedler, "while CP has presented evidence that the seat bases [in question] were fractured in some places, there remains a dispute over when those fractures developed and whether they caused the seats to violate federal safety standards." Dkt. No. 217 at 5. Therefore, Knoedler argues, "it would be improper for the Court to preemptively instruct the jury that the seats were not securely mounted and braced as a matter of law." *Id*.

The Court defers ruling on this motion. The parties shall be prepared to argue the motion at the pretrial conference.

### III.  CONCLUSION

For the foregoing reasons, the Court HEREBY RULES as follows:

(A)   Knoedler's Motion *in Limine* 1 is DENIED (Dkt. No. 171);

(B)   The Court defers ruling on Knoedler's Motion *in Limine* 2 (Dkt. No. 172);

(C)   Knoedler's Motion *in Limine* 3 is DENIED (Dkt. No. 173);

(D)    Knoedler's Motion *in Limine* 4 is GRANTED in part and DENIED in part (Dkt. No. 174);

(E)   Knoedler's Motion *in Limine* 5 is GRANTED (Dkt. No. 175);

(F)   Knoedler's Motion *in Limine* 6 is DENIED (Dkt. No. 176);

(G)   CP's Motion *in Limine* 1 is DENIED (Dkt. No. 177);

(H)   CP's Motion *in Limine* 2 is GRANTED (Dkt. No. 177);

(I)   CP's Motion *in Limine* 3 is GRANTED (Dkt. No. 177)[1];

(J)   The Court defers ruling on CP's Motion *in Limine* 4 (Dkt. No. 178);

(K)   The Court defers ruling on CP's Motion *in Limine* 5 (Dkt. No. 179);

(L)   The Court defers ruling on CP's Motion *in Limine* 6 (Dkt. No. 180);

(M)   The Court STRIKES CP's Motion *in Limine* 7 (Dkt. No. 181);

(N)   CP's Motion *in Limine* 8 is GRANTED (Dkt. No. 182);

(O)   The Court defers ruling on CP's Motion *in Limine* 9 (Dkt. No. 183);

(P)   The Court defers ruling on CP's Motion *in Limine* 10 is (Dkt. No. 184);

(Q)   The Court STRIKES CP's Motion *in Limine* 11 (Dkt. No. 185);

(R)   The Court STRIKES CP's Motion *in Limine* 12 (Dkt. No. 186);

(S)   CP's Motion *in Limine* 13 is DENIED (Dkt. No. 187);

(T)   The Court defers ruling on CP's Motion *in Limine* 14 (Dkt. No. 188);

(U)   The Court defers ruling on CP's Motion *in Limine* 15 (Dkt. No. 189); and

(V)   The Court defers ruling on CP's Motion *in Limine* 16 (Dkt. No. 190).

---

[1] CP filed its motions *in limine* 1-3 in one document (Dkt. No. 177).

Dated this 12th day of October, 2018.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge