# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELAWARE & HUDSON RAILWAY COMPANY, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KNOEDLER MANUFACTURERS, INC. <br><br> Defendant. | Civil Action No. 1:11-cv-00314 (BJR) <br><br> ORDER FROM OCTOBER 23, 2018 PRE-TRIAL CONFERENCE |

## I. INTRODUCTION

The Court held a two-hour pre-trial conference on October 23, 2018. Present were counsel for Plaintiffs Randall Pattee, Daniel Mohan, Alex Rubenstein, and Matthew Hammer, and counsel for Defendant Matthew Planey and Daniel Bentz. Issues remaining before the Court are several motions *in limine*, a recently filed motion about fees for an expert witness, and objections to deposition designations. Having reviewed the parties' submissions, the record of the case, oral argument from the parties, and relevant legal authority, the Court rules as follows:

## II. DISCUSSION

*A.* **Preparation for Trial**

   1. The parties report that there is a very low possibility of settling the case before trial.

   2. Trial will begin at 9:00am each day. Trial is expected to last no longer than 10 days. Opening statements will be 30 minutes per side. Of note, November 6 is also Election Day and the Court may need to make

special accommodations that day to permit jurors, parties, and court staff to vote.

3. During trial the parties should avoid bench conferences whenever possible. The Court and parties can take up matters either before or after each day's session, or during the lunch break.

4. Counsel were provided copies of the Court's proposed statement of the case and jury questionnaire and had an opportunity to review the same.

5. The parties have submitted separate sets of jury instructions to the Court. The Court instructed counsel to work together to develop a joint set of jury instructions, reserving non-joint instructions for true substantive differences.

6. The Court's rulings on objections to deposition testimony will be presented in a separate order.

7. The Court will rule on the proposed Special Verdict forms submitted by the parties after the evidence is presented in the trial.

8. The parties provided the Court a copy of each side's witness list in order of presentation, along with the exhibits that accompany each witness.

9. The Court ruled from the bench denying Knoedler's summary judgment motion. A written order will follow.

B. **Knoedler's Motion for Expert Fees**

Knoedler moved the Court to compel CP to pay reasonable expert fees for the time spent by Knoedler's expert Dr. James Salmon preparing for his deposition. Dkt. No. 219. Dr. Salmon testified at his deposition for four hours. Knoedler argues that a reasonable ratio for preparation

time would be seven hours for every one hour in deposition, or in the alternative a 4:1 or 3:1 ratio. CP argues that the matters reviewed by Dr. Salmon were not complex, that Knoedler has not met its burden, and that the ratio the Court should allow should not exceed 3:1. Dkt. No. 227.

The Court rules that 12 hours of preparation time for Dr. Salmon, or roughly a 3:1 ratio of preparation to testimony time, is reasonable. CP is ordered to pay fees accordingly.

### C. Knoedler's Motion *in Limine* #2: GE Terms and Conditions

Knoedler moves to exclude from evidence a document titled "CONDITIONS OF PURCHASE" with an effective date of May 15, 2000. This document purports to set forth the terms and conditions for the transactions between Knoedler and non-party GE Transportation ("GE") that occurred on or after May 15, 2000. Dkt. No. 172, Ex. 1. Knoedler argues that the document is inadmissible because the seats at issue in this case were sold before May 15, 2000. CP counters that it will present testimony that the terms and conditions of the May 15 document are similar or the same as ones existing at earlier dates.

Since, depending on witness testimony, the document might have logical relevance to whether the conditions of purchase in 2000 were similar to or the same as conditions of purchase for seats bought before then, the Court denies the motion.

### D. Reference to Minnesota Litigation

The Court has previously granted Knoedler motion *in limine* #5 to preclude reference to previous litigation in Minnesota. Reinforcing this written ruling with discussion from the pre-trial conference, the Court orders that any reference to this prior litigation should be avoided because of its potential to unfairly prejudice Knoedler. The parties are free to question witnesses about prior sworn testimony without specifically mentioning the prior litigation in Minnesota.

### E. CP's Motion *in Limine* #4: Motion to Exclude Evidence of Seat Abuse

CP moved to exclude testimony and/or documentary evidence of "unsubstantiated" seat "abuse" by CP employees, arguing the that evidence is based on hearsay, speculation, and conjecture.

The Court previously deferred on this motion. Having heard oral argument, the Court grants in part and denies in part the motion. Within the limits of possible relevance, witnesses will be permitted to testify about seat abuse about which they have personal knowledge. They will not be permitted to testify about seat abuse about which they have no personal knowledge.

### F. CP's Motion *in Limine* #6: Motion to Exclude Expert Testimony of Mirek Wierucki

CP moves to exclude expert opinion testimony by Mirek Wierucki. Knoedler opposes the motion.

The Court previously deferred on this motion. Having heard oral argument, the Court denies the motion. Mr. Wierucki's testimony will be permitted subject to the Court's rulings on CP's objections to his designated testimony (Dkt. No. 235). The Court also denies CP's request to prevent mention that CP formerly retained Mr. Wierucki as an expert.

### G. Other Motions *in Limine*

The Court will defer ruling on the following motions *in limine*:

1. CP's Motion *in Limine* 5: motion for indemnification jury instruction.
2. CP's Motion *in Limine* 9: to eliminate non-party GE as a party potentially at fault on the verdict form.
3. CP's Motion *in Limine* 10: to eliminate Durham Industrial Sales, Inc. as a party potentially at fault on the verdict form.

4. CP's Motion *in Limine* 16: motion for a jury instruction that the Knoedler seats that failed were not securely mounted and braced.

### III. CONCLUSION

The Court rules as stated above.

Dated this 26th day of October, 2018.

Barbara Jacobs Rothstein
U.S. District Court Judge